UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW MCALPINE,

    Plaintiff,

vs.

iVANTAGE and DUO SECURITY,

    Defendants.
_____/

Case No. 17-13588

HON. AVERN COHN

## MEMORANDUM AND ORDER
## GRANTING DEFENDANT DUO SECURITY'S MOTION TO DISMISS (Doc. 8)[1]

### I. Introduction

This is a case under the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601. Plaintiff Andrew McAlpine is suing defendants iVantage and Duo Security (Duo) contending that terminated him in retaliation for taking FMLA leave.

Before the Court is DUO's motion to dismiss on the grounds that (1) it is not plaintiff's employer or a joint employer, and (2) plaintiff did not work for DUO for the requisite 12 months in order to be eligible for leave under FMLA. For the reasons that follow, the motion will be granted. As will be explained, plaintiff cannot allege a viable claim against Duo because, even assuming Duo is a joint employer, plaintiff does not meet the 12 month requirement for FMLA eligibility.

### II. Background

The relevant facts as gleaned from the complaint follow:

---

[1]Although originally scheduled for hearing, upon review of the parties' papers, the Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

iVantage hired plaintiff to work as a Talent Acquisition Specialist on May 18, 2016. (Doc. 1, Compl. at ¶ 7)  On May 8, 2017, iVantage assigned plaintiff to work at Duo and plaintiff started working at Duo on that date.  Id. at ¶ 9.

On July 28, 2017, less than three months after he began working at Duo, plaintiff took an FMLA leave.  Id. at ¶ 10.

In mid-August, 2017, plaintiff gave notice to both iVantage and Duo that he had been released to return to work on August 28, 2017.  However, plaintiff says he was unable to return to work because "defendants" terminated him "based on false job performance related allegations."  Id. at ¶¶ 12, 13.

On November 2, 2017, plaintiff sued iVAntage and Duo for FMLA violations.  In a single count entitled "ALLEGED FMLA DISCRIMINATION AND RETALIATION CLAIMS" plaintiff seeks damages against both iVantage and Duo for denial of the ability to return to his position and retaliation for taking leave under FMLA by terminating his employment.  Id. at ¶¶ 15, 16.

iVantage answered the complaint.  (Doc. 5).  In lieu of an answer, Duo filed the instant motion.

### III.  Legal Standard

A Rule 12(b)(6) motion tests the sufficiency of a plaintiff's pleading.  The Rule requires that a complaint "contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) (internal citation omitted).  A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

Id. "[T]hat a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662; 129 S. Ct. 1937, 1949 (2009). The court is "not bound to accept as true a legal conclusion couched as a factual allegation."

IV. Analysis

A. The FMLA

The FMLA makes it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided for" under the FMLA. 29 U.S.C. § 2615(a)(1). Here, plaintiff alleges that both iVAntage and Duo retaliated against him by terminating his employment.

To make out a claim for FMLA interference, 29 U.S.C. § 2601 et seq., an employee must show: (1) he was an eligible employee; (2) the defendant was an employer as defined under the FMLA; (3) the employee was entitled to leave under the FMLA; (4) the employee gave the employer notice of his intention to take leave; and (5) the employer denied the employee FMLA benefits to which he was entitled. Allen v. WalMart Stores, Inc., 22 F. Supp. 3d 722, 728 (E.D. Mich. 2014) (citing Donald v. Sybra, Inc., 667 F.3d 757, 761 (6th Cir. 2012)). The plaintiff bears the burden of establishing each of these elements by a preponderance of the evidence. Wysong v. Dow Chem. Co., 503 F.3d 441, 447 (6th Cir. 2007).

Similarly, to establish a prima facie case of retaliation under the FMLA, a plaintiff must establish that: (1) he was engaged in an activity protected by the FMLA; (2) the employer knew that he was exercising his rights under the FMLA; (3) after learning of

the employee's exercise of FMLA rights, the employer took an employment action adverse to him; and (4) there was a causal connection between the protected FMLA activity and the adverse employment action. Seeger v. Cincinnati Bell Tel. Co., 681 F.3d 274, 283 (6th Cir. 2012) (quoting Dixon v. Gonzales, 481 F.3d 324, 333 (6th Cir. 2007)).

## B. Joint Employers

Duo first says that it was not plaintiff's employer and the complaint does not allege sufficient facts to show that it is a joint employer with iVantage. Plaintiff contends that the complaint alleges Duo was his employer.

"Where two or more businesses exercise some control over the work or working conditions of the employee, the businesses may be joint employers under the FMLA." 29 C.F.R. § 825.106(a). "Employees jointly employed by two employers must be counted by both employers, whether or not maintained on one of the employer's payroll, in determining employer coverage and employee eligibility." 29 C.F.R. § 825.106(d).

The Court need not determine whether the complaint sets forth adequate facts to show that Duo is an employer, which is generally a fact intensive inquiry, because Duo offers another reason for dismissal - that plaintiff is not an "eligible employee" because he did not work for Duo for the required 12 months.

## B. Eligible Employee

Duo contends that plaintiff has not alleged sufficient facts to establish that he is an "eligible employee" of Duo under the FMLA. Under the FMLA an eligible employee is:

[A]n employee who has been employed—

4

(I) for at least 12 months by the employer with respect to whom leave is requested under section 2612 of this title; and
(ii) for at least 1,250 hours of service with such employer during the previous 12-month period.

29 U.S.C. § 2611(2)(A).

Here, the complaint plainly alleges that plaintiff worked for Duo for less than three months (from May 8, 2017 to July 28, 2017) before he took FMLA leave.  Thus, it is not plausible for plaintiff to sue Duo for an FMLA violation because he clearly worked for Duo for less than the required 12 months.

Plaintiff cites Grace v. USCAR, 521 F.3d 655 (6th Cir. 2008) in support of his position that Duo may be liable under the FMLA.  Plaintiff's reliance on Grace is misplaced.  The court in Grace court found that the plaintiff was "eligible employee" as to the employer in question because that employer was a *successor in interest* to a previous employer, such that the total amount of the plaintiff's employment between the two exceeded the 12–month threshold required under the FMLA.  Grace, 521 F.3d at 671–76.  The court noted that, under the FMLA, "[t]he term 'employer' [ ] includes 'any successor in interest of an employer.' " Id. at 671 (quoting 29 U.S.C. § 2611(4)(A)(ii)(II)).  Here, by contrast, the complaint does not allege or otherwise identify Duo as a successor to iVantage.  Thus, Grace is not applicable.

Plaintiff also says that because he qualifies as an "eligible employee" with iVantage, the FMLA applies against Duo regardless of whether he qualifies as an "eligible employee" with Duo.  This argument does not carry the day, as explained below.

In Littell v. Diversified Clinical Services, 2013 WL 1951912 (M.D.N.C. May 10,

5

2013) report and recommendation adopted in part, rejected in part, 2013 WL 5430518 (M.D.N.C. Sept. 27, 2013) the plaintiff alleged that defendant DCS was his "primary employer," and that DCS transferred him to work for defendant Rex as a joint secondary employer. Although plaintiff had been employed by DCS for more than a year, plaintiff alleged that Rex employed him for only seven months. After plaintiff told DCS and Rex that he would need to take medical leave, Rex and DCS told plaintiff not to worry and that they would make all necessary arrangements regarding his leave. Plaintiff was later terminated. Plaintiff then sued DCS and Rex for FMLA violations, in addition to other claims. Rex filed a motion to dismiss the FMLA claim. The magistrate judge recommended that the motion be granted because plaintiff was not an eligible employee as to Rex, having worked there only seven months. The magistrate judge explained, in reasoning which was adopted by the district court:

> Under these circumstances, the Court should construe the FMLA to require a plaintiff to qualify as an "eligible employee" specifically as to the employer sued. See generally Brown v. Cook Cnty., Ill., No. 10 C 2689, 2012 WL 6055318, at *3 (N.D.Ill.Dec. 6, 2010) (unpublished) ("[E]ven if there is a joint employer relationship, each of the defendant employers must have its own relevant contacts with the plaintiff employee for purposes of the FMLA."). Plaintiff's contrary interpretation would render secondary employers subject to suit after a single day's employment and thus would "threaten ... the delicate statutory balance that Congress sought to achieve" with the FMLA, Plumley v. Southern Container, Inc., 303 F.3d 364, 372 (1st Cir.2002). The Court should decline to adopt such an interpretation.

Littell, 2013 WL 1951912 at * 4.

The Court agrees with the analysis in Littell. Simply because plaintiff meets the eligibility requirements with iVantage, it does not follow that he meets them with Duo. Each employer must be separately considered in determining whether an employee is eligible for the protections afforded by the FMLA.

6

Plaintiff further argues that Duo should be estopped from challenging his FMLA status because Duo did not provide notice within two business days that he was not eligible. In support, plaintiff cites a version of 29 C.F.R. § 825.110(d) which states that "if the employers does not advise the employee whether the employee is eligible as soon as practicable (i.e. two business days ...) after the date employee eligibility is determined, the employee will have satisfied the notice requirements." The magistrate judge in Littell faced the same argument and rejected it as follows:

> The regulation upon which Plaintiff relies—29 C.F.R. § 825.110(d)—was amended [in 2008] to remove the language Plaintiff cites after numerous courts, including courts within the Fourth Circuit, found that it impermissibly expanded liability beyond the statutory language and was thus invalid. See Erdman v. Nationwide Ins. Co., 582 F.3d 500, 506–07 (3d Cir. 2009); Brungart v. BellSouth Telecomms., Inc., 231 F.3d 791 (11th Cir. 2000); Dormeyer v. Comerica Bank, 223 F.3d 579 (7th Cir. 2000); Seaman v. Downtown P'ship of Baltimore, Inc., 991 F.Supp. 751, 754 (D.Md. 1998); Wolke v. Dreadnought Marine, Inc., 954 F.Supp. 1133, 1135 (E.D. Va. 1997).

Littell, supra at * 5. The Court agrees. Because the current version of the regulation no longer has the language plaintiff relies upon, his estoppel argument lacks merit.

Overall, plaintiff cannot make out a plausible FMLA claim against Duo because was not employed by Duo for the required amount of time in order to trigger FMLA liability.

## V. Conclusion

For the reasons stated above, Duo's motion to dismiss is GRANTED.

The Clerk shall schedule a status conference with the remaining parties.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: 4/9/2018
Detroit, Michigan